MYERS (PENNSYLVANIA SALT MANU-F'G. CO. v.). See Case No. 10,955.

MYERS (ROBERTS v.). See Case No. 11,-906.

## Case No. 9,994.

### MYERS v. SEELEY et al.

[10 N. B. R. (1874) 411;[1] 1 Cent. Law J. 451.]

District Court, E. D. Missouri.

CORPORATIONS — UNPAID SUBSCRIPTIONS—ACTION BY ASSIGNEE IN BANKRUPTCY—CREDITORS' BILL—ASSIGNEE OF STOCK—CALLS.

1. Unpaid subscriptions to the capital stock of a corporation are assets applicable to the payment of corporate debts, which the corporate authorities may call in for corporate purposes.

[Cited in Glenn v. Abell, 39 Fed. 12.]

2. Primarily the amount due on subscriptions is a debt due to the corporation which it alone can enforce, and, unless the corporation is without other assets to meet its obligations, and fails to meet the needed calls, creditors cannot interpose.

3. An account should be taken to know what, if any, calls should be made, for the bill by creditors cannot reach beyond the satisfaction of their demands.

4. An assignee of stock may have paid for it to the assignor and relied on his representations, and those of the officers of the company, that the shares so bought were fully paid for; yet creditors are not bound thereby, and if the stock was not fully paid, the holder is liable to creditors of the company for the amount remaining unpaid.

5. The assignee in bankruptcy has all the authority of a receiver to collect demands and pay debts, and, under the order of the court appointing him, an assessment may be made on the unpaid shares just as if the same had been ordered by the corporation before bankruptcy.

[Bill in equity by [Nathaniel Myers] the assignee of a bankrupt corporation [the St. Louis Soap Company] against the stockholders [F. A. Seeley and others] to collect the amount alleged to be due on their respective shares of stock.][2]

Meyers & Litton, for plaintiff.

S. M. Breckenridge, Ira C. Terry, and Lee & Adams, for defendants.

TREAT, District Judge. The bill is by the assignee of a bankrupt corporation, against certain stockholders, to compel payment by them of the amount alleged to be due on their respective shares of stock. Many of the parties defendant have not been served, and many responsible stockholders are not made defendants. Bills by creditors who have judgments against a corporation have been sustained against the corporation and its stockholders. Said bills being framed in the name of the judgment-creditors and of all others who may choose to come in and be made parties thereto. In such cases the decree has been for an account to be taken of the debts and assets of the corporation,

for the appointment of a receiver, to whom the stockholders and officers are ordered to pay and account respectively for so much of the assets and capital stock as are necessary to pay the debts due to the creditors; the assets thus collected and received to be applied by the receiver in discharge of the debts. The reason of that rule is, that the unpaid subscriptions are assets applicable to the payment of corporate debts which the corporate authorities may call in for corporate purposes. If there are adequate assets other than said calls, then the creditor has no legal or equitable right to insist upon such calls. Primarily, the amount due on subscriptions is a debt to the corporation which it alone can enforce, and unless the corporation is without other assets to meet its obligations, and fails to make the needed calls, creditors cannot interpose. When the facts justify their interposition, an account of assets and debts should be taken in order that it may be known what, if any, calls should be made. No further call should be made than what is sufficient, together with the other assets, to meet all debts; for the bill by creditors cannot reach beyond the satisfaction of their demands. They have no other equity. Adler v. Milwaukee Patent Brick Manuf'g Co., 13 Wis. 57.

If a company is insolvent, the original mode of making calls upon the stock is not to be pursued in the enforcement of such a decree; for the debt is then due on the stock without demand, and no stockholder can shelter himself behind an agreement that he might pay otherwise than in money, or money value, as other stockholders have to do. Every share of stock subscribed represents an asset available to the corporation and its creditors. The payment of it in full, that is, actual cash payment, or payment of cash value, is enforceable. As between the corporation and its stockholders, its agreement as to paid up stock may be valid, but neither directors nor stockholders, nor both, can so act towards creditors as to debar the latter from insisting upon the actual payment by stockholders of what is really due on their stock. The assignee of shares can be in no better condition than the assignor. The transfer is not, so far as the right to make calls is concerned, dependent upon the good faith of assignor and assignee in their dealings between themselves. The question is simply whether the stock has been really paid in full to the corporation. The assignee may have paid for it to the assignor, and may have relied on the representations of the latter, and of officers of the company, that the shares bought were fully paid; yet creditors are not bound thereby, and if the stock was not fully paid, the holder is liable to creditors for the amount remaining unpaid.

The foregoing rules are clear enough for all ordinary cases brought by creditors; yet here, as stated in the case cited from 13

Wis., and in the case of Ogilvie v. Knox Ins. Co., 22 How. [63 U. S.] 380, where the corporation is in bankruptcy, what is the proper course to be pursued? The assignee in bankruptcy has all the authority of a receiver to collect demands and pay debts; the proceedings in bankruptcy are adjusting the accounts, and the court sitting in the bankrupt case is proceeding to ascertain what calls, if any, will be necessary. If this suit in equity (and it might have been brought in the United States circuit court) is to result in a decree for an account, etc., shall the decree take from the court sitting in bankruptcy all further cognizance of those matters, or in other words, shall the court of equity draw into its jurisdiction and supersede all the powers and functions of the court in bankruptcy, specially charged by law with the collection and distribution of the assets of this insolvent corporation? This suit is by the assignee in bankruptcy, and under the orders of the court appointing him, an assessment may be made on the unpaid shares, just as if the same had been ordered by the corporation before bankruptcy, for he represents the corporation for the collection of all its assets. He represents also the creditors who are not bound by any agreement between the corporation and its stockholders, whereby the latter were to be considered as holding full paid stock. Hence, to now order an account to be taken by a master and to appoint a receiver, etc., would be virtually to supersede the pending proceedings in bankruptcy.

The proper course seems to be to dismiss the bill without prejudice, and order an assessment on all unpaid stock to be collected by the assignee; otherwise the proceedings will be embarrassed at every stage.

As the assignee is plaintiff, the court cannot appoint him receiver; and if he is to be superseded in the administration, what is to become of his powers and duties, and also of the ordinary and regular proceedings in bankruptcy? The powers and duties devolved by the bankrupt act [of 1867 (14 Stat. 517)] seem necessarily to make a distinct proceeding in equity improper—to supersede that mode of satisfying creditors' demands against an insolvent corporation which has been adjudged bankrupt.

[NOTE. To avoid any difficulty arising from the two years' limitation clause in the bankrupt law which might prevent the bringing by the assignee of new suits against the individual stockholders, to recover payment of the unpaid stock on their respective shares, the court instead of formally dismissing the bill, as indicated in the opinion, subsequently directed "that the bill be retained for further proceedings thereunder on the following order: That the assignee proceed to collect from all stockholders of said company the amount due and unpaid on their respective shares." As to the general right of creditors and of the assignee in bankruptcy against the delinquent stockholders of a bankrupt corporation, see Sawyer v Hoag, ante, p. 43.] [2]

[2] [From 1 Cent. Law J. 451.]